IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Eddie Mullen, | ) | C/A No.: 09-2392-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | **)** | |
| State Farm Casualty and Fire Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case concerns a dispute over an insurance company's duty to advise a policy holder. The matter is currently before the court on the motion for summary judgment of (Dkt. No. 20) defendant State Farm Fire and Casualty Company ("State Farm") against plaintiff Eddie Mullen ("Mullen"). The parties fully briefed the motion and presented oral argument to the court at a May 10, 2010 hearing, where the court took the motion under advisement. This order serves to announce the ruling of the court.

I.  Background

Fire consumed Mullen's home at 28 Hunters Pond Drive in Columbia, South Carolina, on August 19, 2007, effecting a total loss. Mullen thereafter filed a claim against his home owner's insurance policy issued by State Farm (the "Policy"), and retained Interclaim Worldwide Claims Consultants ("Interclaim") to assist him in determining the loss suffered to the contents of the house. At the time the Policy was renewed in 2007, it provided coverage in the amount of $202,900 for any actual loss sustained by Mullen's home and an additional $40,580 in coverage pursuant to an Option ID, which is State Farm shorthand for

"Increased Dwelling Limit." In the aftermath of the fire, Mullen made three claims on the policy: (1) for the loss of the home, (2) the loss of the contents, and (3) his living expenses in the interim. On September 5, 2007, State Farm issued Mullen a draft in the amount of $204,006.93 in response to Mullen's claim for the loss of his home; $203,509 of which represented the policy limit for the dwelling at the time of the fire. In April 2009, State Farm issued a draft in the amount of $91,338 in response to Mullen's contents claim. State Farm also fully reimbursed Mullen for certain living expenses.

On August 18, 2009, Mullen filed suit against State Farm in the Court of Common Pleas for Richland County, South Carolina. State Farm thereafter removed the case to federal court on September 10, 2009, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Mullen's complaint alleges claims for bad faith refusal to pay benefits, breach of contract, negligence, and gross negligence and seeks actual damages, punitive damages, and attorney fees. The bad faith and breach of contract claims are based on Mullen's assertion that State Farm failed to pay sufficient benefits in a timely fashion. The negligence theories rely on Mullen's argument that State Farm owed him a duty to adequately insure his home.

II.     Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of

some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis omitted). A fact is material if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). An issue is genuine if the evidence offered is such that a reasonable jury might return a verdict for the nonmovant. Id. at 257. In cases where the parties dispute material facts, "the non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences." Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995). Moreover, the court "may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

III.   Discussion

As an initial matter, the court notes that Mullen "generally concurs with the factual background summarized by [State Farm] in its Motion for Summary Judgment" and as recounted by Gary Williamson ("Williamson"), the State Farm agent who processed Mullen's insurance application. (Resp. 1.) Also, at the May 10, 2010 hearing, Mullen abandoned the bad faith and breach of contract claims. See also Fed. R. Civ. P. 56(e).

A.   Negligence and Gross Negligence

Mullen alleges that State Farm's agents failed to exercise due care in providing

Mullen with appropriate coverage for his home. Under South Carolina law, an insurance agent has no duty to advise an insured at the point of application, absent an express or implied undertaking to do so. Houck v. State Farm Fire & Cas. Inc. Co., 620 S.E.2d 326, 329 (S.C. 2005); Trotter v. State Farm, 377 S.E.2d 343 (S.C. App. 1988). In considering whether a duty has been impliedly created, the Supreme Court of South Carolina has identified several factors to guide a court's inquiry: (1) consideration beyond mere payment of a premium; (2) a clear request for advice; and (3) a course of dealing that would put an agent on notice that advice is being sought and relied on. Houck, 620 S.E.2d at 329.

This case does not appear to present a situation where additional consideration was paid nor does it appear to involve a course of dealing. The question is whether Mullen made a clear request for advice as to how much insurance he needed to replace his house. However, the record does not reflect a clear request for advice from Mullen. Fed. R. Civ. P. 56(c)(2), (e)(1). Mullen's complaint does allege a conversation he had with Williamson regarding the adequacy of coverage to rebuild his home in the event of fire (Compl. ¶¶ 4,5). However, an allegation that a conversation occurred is different in form and effect from a clear interrogatory to an insurance agent sufficient to trigger an implied duty. Houck requires a clear request for advice, not a general conversation concerning adequacy of coverage. 620 S.E.2d at 329. Accordingly, the court grants State Farm's motion for summary judgment as to the negligence and gross negligence claims.

The court notes that even if Mullen had established that he made a clear request for

advice as envisioned by Houck, the deposition excerpts of Williamson Mullen attached to his response indicate that Mullen contacted Williamson and requested that his coverage be reduced, and that State Farm complied with his request. (Williamson Dep. 62:19–21.) Accordingly, even if Mullen properly established that he made a clear request for advice, the court finds that his action in requesting a reduction in coverage effects a clear break in the causal chain between any advice offered or duty owed, and the resulting Policy limit.

In a similar vein, there is a line of cases in South Carolina holding that where an insured fails to read and familiarize himself with a policy, the insured abandons all care and is thus more negligent than the agent. See Carolina Prod. Maint., Inc. v. U.S. Fid. & Guar. Co., 425 S.E.2d 39, 42 (S.C. App. 1992). See also Doub v. Weathersby-Breeland Ins. Agency, 233 S.E.2d 111 (1977). These cases would present marked difficulty for Mullen's claims even if he were able to show that he clearly requested advice from Williamson.

IV. Conclusion

The court hereby grants State Farm's motion for summary judgment (Dkt. No. 20) because Mullen failed to show that he clearly made a request for advice. See Fed. R. Civ. P. 56(e). The court also finds that even if Mullen could establish that he clearly requested and then received incorrect advice from State Farm, the deposition excerpts that Mullen relies on in his response indicate that Mullen requested his coverage be reduced and that such request bars Mullen from proving the causation element of his negligence theories.

5

IT IS SO ORDERED.

June 1, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge